death or marriage for the purpose of the possible modification of the award.

(No. 85-CV-0530 )

*In re* APPLICATION OF MARIA PEREZ.

*Opinion filed May 16, 1985.*

WARREN C. DULSKI, for Claimant.

NEIL F. HARTIGAN, Attorney General (ALISON P. BRESLAUER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This claim arises out of an incident that occurred on June 17, 1984. Maria Perez, mother of the deceased victim, Alexia Concepcion, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on November 20, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased daughter, Alexia Concepcion, age 28, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: murder. Ill. Rev. Stat. 1979, ch. 38, par. 9—1.

2. That on June 17, 1984, the victim was shot by her estranged husband. The incident occurred in an apartment located at 7035 North Sheridan, Chicago, Illinois. Police investigation revealed that prior to the incident, the victim and offender were involved in a verbal dispute over their recent divorce. During this dispute, the offender produced a handgun and shot the victim in the head. The offender then turned the weapon upon himself and committed suicide. The victim was taken to Edgewater Hospital, where she was pronounced dead on arrival.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for the victim's minor child, Robert Concepcion, age 6 years, 7 months, at the time of the incident.

4. That the Claimant incurred funeral and burial expenses in the amount of $3,523.70. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum award of $2,000.00.

5. That the minor child, Robert Concepcion, was totally dependent upon the victim for support.

6. That under a judgment order for adoption filed in the Circuit Court of Cook County, Illinois, County Department, County Division, No. 84 Co 1281, the victim's minor child, Robert Concepcion, was legally adopted by the Claimant, Maria Perez.

7. That the minor child, Robert Concepcion, born November 12, 1977, was 6 years, 7 months of age at the time of the incident. Robert Concepcion will attain the age of majority on November 12, 1995, which is 137 months after the incident.

8. That prior to her death, the victim was employed by the Chicago Transit Authority and her average monthly earnings were $1,214.75.

9. That section 2(h) of the Act states "* * * loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

10. That based on $750.00 per month, the maximum compensation for loss of support for 137 months is $102,750.00, which is in excess of $15,000.00, the maximum amount compensable under section 10.1(f) of the Act.

11. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

12. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

13. That the Claimant has received no reimbursements as a result of the victim's death that can be counted as an applicable deduction under section 7.1(7) of the Act.

14. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of the $15,000.00 maximum allowed in section 10.1(f) of the Act.

15. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act.

It is therefore, hereby ordered that the sum of $15,000.00 (fifteen thousand dollars) be and is hereby awarded to Maria Perez, mother of Alexia Concepcion, an innocent victim of a violent crime, to be paid and disbursed to her as follows:

(a) $2,250.00 (two thousand two hundred fifty dollars) to be paid to Maria Perez in a lump sum;

(b) 17 (seventeen) equal monthly payments of $750.00 (seven hundred fifty dollars) each to be paid to Maria Perez for the use and benefit of Robert Concepcion;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.